UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

- against -

ELIAS AYALA,

Defendant.
-------------------------------X

**MEMORANDUM AND ORDER**

21 Cr. 111 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Elias Ayala was sentenced on May 12, 2021 to 36 months' imprisonment following a guilty plea to one count of felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), a sentence well below the applicable guidelines range of 97 to 120 months' imprisonment. See Presentence Investigation Report ("PSR") at 15 (ECF No. 21). Less than a year after his sentencing, on December 18, 2021, Ayala moved pro se for a reduction of his sentence and compassionate release from FCI Fort Dix under 18 U.S.C. § 3582(c)(1)(A), citing the hazards posed by COVID-19 within the prison environment and his increased risk due to his "chronic smok[ing] of cigarettes and marijuana and drug and alcohol use[]." Mot. for Compassionate Release ("Mot.") at 1 (ECF No. 24). Ayala also seeks release on the ground that he has a son who has ADHD and severe depression and who, according to Ayala, is at significant risk of contracting COVID-19. Id. For the following reasons, Ayala's motion is denied.

Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may "reduce the term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). A court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). While Ayala's motion for compassionate release is brought pro se and is therefore to "be construed liberally and interpreted to raise the strongest arguments [it] suggest[s]," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted), Ayala nevertheless bears the burden of demonstrating that his release is justified under Section 3582(c)(1)(A), see United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992). He has failed to do so.

To start, "a compassionate-release motion is not an opportunity to second guess or to reconsider the sentencing court's original decision." United States v. Roney, 833 F. App'x 850, 854 (2d Cir. 2020) (internal quotation marks and citation omitted). "What justifies compassionate release is a finding that **new** mitigating 'extraordinary and compelling' circumstances exist to reduce that sentence." United States v. Ebbers, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020) (emphasis added). Here, all of the grounds upon which Ayala relies were squarely before the Court at the time of Ayala's sentencing and were considered when sentencing Ayala to a substantially below-guidelines sentence. See PSR ¶¶ 41 (son's medical conditions), 47 (history of drug and alcohol use). Indeed, at Ayala's sentencing hearing, the Court explained its sentencing decision:

> Considering that you have been in custody for about ten months under challenging circumstances, I am going to sentence you to 36 months . . . I might have given you more, but I do recognize that the last year represents more than the traditional ten months in custody.

Sentencing Tr. 11:16-22. It is thus clear that the Court was aware of the difficult conditions of confinement caused by the COVID-19 pandemic and reduced Ayala's sentence accordingly. Ayala cannot now invoke the exact same circumstances to obtain a further reduction in his sentence.

Furthermore, even if the Court had not already considered them, none of Ayala's proffered grounds constitute "extraordinary and compelling" reasons to warrant compassionate release. Although CDC guidance warns that being a former smoker "can make [one] more likely to get very sick from COVID-19,"[1] courts in this district have "declined to find that being a former smoker constitutes an extraordinary and compelling reason for release." United States v. Mena, No. 16 Cr. 850 (ER), 2021 WL 2562442, at *2 (S.D.N.Y. June 23, 2021); see, e.g., United States v. Davidson, No. 15 Cr. 288 (RMB), 2022 WL 484829, at *1-3 (S.D.N.Y. Feb. 17, 2022) (denying release to applicant who was a chronic smoker and heavy marijuana user); United States v. Miller, No. 12 Cr. 368 (PAC), 2021 WL 2716205, at *4 (S.D.N.Y. July 1, 2021) ("Many courts in this circuit have found a lack of extraordinary and compelling reasons [for release] . . . even where the defendants had other medical conditions in addition to smoking histories.") (collecting cases).

Such conditions carry even less weight when the defendant is young and the incidents of COVID-19 at the facility are low. See Mena, 2021 WL 2562442, at *2 (denying release and noting that

[1] See Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 27, 2022).

applicant is 28 years old and the facility had only three positive cases among inmates); United States v. Batista, No. 18 Cr. 319 (LTS), 2020 WL 6132239, at *4 (S.D.N.Y. Oct. 19, 2020) (denying release to 28-year-old former smoker, citing her age and the facility's success in curbing the spread of COVID-19). As of June 27, 2022, there were zero confirmed positive cases of COVID-19 among inmates at FCI Fort Dix and only four positive cases among staff.[2] Ayala is 34 years old and does not assert that his smoking has caused him any adverse health effects. As such, his history of smoking does not warrant release. For the same reasons, the fact of past drug and alcohol use, without evidence of any resulting illness, is not sufficient to compel early release. See United States v. Haney, 454 F. Supp. 3d 316, 322-23 n.5 (S.D.N.Y. 2020); United States v. Sutton, No. 16 Cr. 801-6 (GBD), 2020 WL 4750627, a *1 (S.D.N.Y. Aug. 17, 2020) (denying compassionate release to individual who had "a history of narcotics and alcohol abuse").

Ayala next argues that "Fort Dix is ill equipped [sic] to handle Covid outbreaks" and has failed to implement policies that could curb the spread of infection. Mot. at 1. "However, with no medical conditions that render him vulnerable to serious

[2] See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 27, 2022).

complications from COVID-19, [d]efendant's argument is essentially that this Court should make a finding that any individual who is held at FCI Fort Dix is experiencing extraordinary and compelling circumstances warranting release." Sutton, 2020 WL 4750627, at *2. "The Court declines to reach such a conclusion," id., especially given that the number of positive cases at FCI Fort Dix is currently hovering slightly above zero.[3] Relatedly, "generalized statements about the conditions of confinement do not constitute compelling reasons for compassionate release." United States v. Farmer, No. 19 Cr. 427 (LTS), 2022 WL 47517, at *3 (S.D.N.Y. Jan. 5, 2022) (denying compassionate release where defendant stated "that the conditions of his confinement have been particularly harsh and restrictive, marked by months of lockdowns, isolation in quarantine, fear of infection, and a lack of access to programming").

Ayala also asks the Court to consider his family circumstances — namely, that he has a son who suffers from depression and ADHD and who is, according to Ayala, at "significant risk" of contracting COVID-19. Mot. at 1. However, "[t]he animating

[3] The Court also notes that while Ayala expresses concern about the risk of contracting COVID-19 in prison, he has chosen not to receive a COVID-19 vaccine. Mot. at 2. COVID-19 vaccines are safe, effective, and have been available to prisoners for some months. See COVID-19 Vaccines Work, CDC (https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last updated December 23, 2021).

principle of the Family Circumstances category is that there exists an extraordinary and compelling reason for release when the defendant has a close family member who is completely unable to care for himself or herself and for whom the defendant would be the only available caregiver." United States v. Lisi, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020). Defendant does not argue that he is the only available caregiver for his son. Accordingly, while the Court is sympathetic to Ayala's concern for his son's health, this is not the type of circumstance that warrants relief under Section 3582(c)(1)(A). Perhaps Ayala should consider that his own actions created the circumstance that his family now faces.

Finally, the application of the factors set forth in 18 U.S.C. § 3553(a) counsels against release. Those factors include "the nature and circumstances of the offense," as well as the need "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2)(C). Ayala pleaded guilty to criminal possession of ammunition. However, at Ayala's sentencing hearing, the Government explained that Ayala's conduct "involve[d] much more than just a possession of ammunition." Sentencing Tr. at 9:18-19. In response to a physical altercation with two individuals, Ayala retrieved a firearm and "fired several gunshots in an attempt to injure or kill the two individuals with whom he

fought." Id. at 9:20-25. As the Court stated at sentencing, "[n]o society can exist safely when people respond to troubling situations by ra[cing] home, getting a gun, and then shooting it at an apartment building." Id. at 10:14-16. Furthermore, as his crime suggests, Ayala had previously been convicted of a felony. In July 2016, Ayala was sentenced to three years' probation for criminal possession of a firearm in New York state court. PSR ¶ 28. As this Court observed at sentencing, when "the legal system treated [Ayala] with kindness" for his prior offense by "giving [him] only a probationary sentence," "it didn't seem to totally dissuade [him] from having access to a gun." Id. at 11:10-13.

Accordingly, the Court denies Ayala's motion. Because Ayala has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444 (1963).

**SO ORDERED.**

Dated: New York, New York
June 27, 2022

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE